IN THE UNITED STATES OF DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
Southern Division

UNITED STATES OF AMERICA,

    Plaintiff,                              CRIMINAL NO. 89-72-CB-M

vs.

RICHARD JOSEPH LYNN,

    Defendant

_____/

**DEFENDANT RICHARD JOSEPH LYNN'S MOTION FOR REDUCTION OF
SENTENCE PURSUANT TO TITLE 18 U.S.C. §3582(c)(2) AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, the Defendant, RICHARD JOSEPH LYNN ("Defendant" or "Mr.
Lynn"), by his counsel, who files this, his Motion for Reduction of Sentence pursuant to Title 18
U.S.C. §3582(c)(2), and in support thereof states the following:

I.      **INTRODUCTION.**

In June, 1989, a grand jury sitting in this district named Defendant in a seventeen (17)
count indictment, charging him with violating the federal drug conspiracy statute, Defendant
entered a not guilty plea and the case proceeded to trial.

On December 15, 1989, the jury returned a guilty verdict as to seven (7) counts of the 17-
count indictment. Specifically, "[Mr.] Lynn was convicted of seven drug crimes: the following:
conspiracy to import cocaine, in violation of 21 U.S.C. § 963, conspiracy to possess with intent
to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846, and three counts of

importation of cocaine, in violation of 21 U.S.C. § 952; and two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1)." *Lynn v. United States*, 365 F.3d 1225, 1227 n.2 (11th Cir. 2004).

After determining the base offense level for the drug offenses to be level 36, and then applying the sentencing enhancement of leadership role, this Court held Defendant's total offense level to be level 44, with a criminal history category of I. This Court determined level 43 was the highest for the offenses of conviction, yielding a guideline sentence range of Life. This Court sentenced Defendant to a life term of imprisonment on each count of conviction, to run concurrently.

On direct appeal, the Supreme Court affirmed the Eleventh Circuit's dismissal of Defendant's direct appeal. *See, Lynn v. United States*, 499 U.S. 904, 111 S. Ct. 1103 (1991).

In 1997, Defendant filed a §2255 motion to vacate his conviction and sentence. *See, Lynn v. United States*, No 97-cv-00245-CB-M (S.D. Ala.) (case closed). In 2002, this Court denied the 2255 motion and the Eleventh Circuit affirmed this Court's order denying Defendant's 2255 motion. *Lynn*, 365 F.3d 1225 (11th Cir. 2004).

On November 1, 2014, the United States Sentencing Commission's Amendment 782 became retroactive to all criminal drug cases deemed final. [1]

---

[1] On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses. Specifically, this amendment reduces by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking offenses. This amendment is sometimes called "drugs minus two" or the "2014 drug guidelines amendment." On July 18, 2014, the Commission voted to give retroactive effect to the proposed amendment. Congress let the amendment stand. Beginning November 1, 2014, eligible federal prisoners will be able to seek reduction in their drug sentences. Any sentence reduction granted by a district court will become effective no earlier than November 1, 2015.

On June 11, 2011, the United States Sentencing Commission voted unanimously to give retroactive effect to its proposed permanent amendment to the federal sentencing guidelines that implements the Fair Sentencing Act of 2010.  Retroactivity of Amendment 782 became effective on November 1, 2014. [2]

The Defendant now moves this Court for an order reducing his drug cocaine sentence pursuant to Title 18 U.S.C. §3582(c)(2).. Defendant seeks a Guideline reduction of his life sentence to 360-months imprisonment given the compelling reasons provided herein and otherwise meeting the criteria set forth under §3553(a). He submits there is good cause for granting the relief requested herein.

## II.   LEGAL DISCUSSION.

Mr. Lynn requests this Court to reduce his current sentence to 360-months imprisonment – a Guideline sentence. He submits such a reduction of sentence by this Court will be consistent to and in agreement with the intent of the Sentencing Commission and Congress in light of the retroactive amendment to §2D1.1(c). He further submits that the factors under §3553(a) are met in this case, warranting the relief requested herein.

## A.   SECTION 3582(c)(2)

"The authority of a district court to change, correct, modify, or reduce a sentence that has become final is limited by statute and the Federal Rules of Criminal Procedure." *United States v.*

---

[2] The United States Sentencing Commission cast a historic vote to allow 46,290 federal drug prisoners to petition for sentence reductions. This is the largest number of federal drug prisoners ever to benefit from a guideline amendment being made retroactive. Members of the Commission voted to make the amendment retroactive with no exclusions, though they did move the earliest possible release date from Nov. 1, 2014, to November 2015. "This amendment received unanimous support from Commissioners because it is a measured approach," said Judge Saris, Chair of the Federal Sentencing Guideline Commission. "It reduces prison costs and populations and responds to statutory and guidelines changes since the drug guidelines were initially developed, while safeguarding public safety."

*Hyde*, 452 F.Supp.2d 1178, 1190 (N.D. Ala. 2006). For the purposes of reducing a sentence based upon a retroactive amendment to the federal Sentencing Guidelines, Congress specifically provided a statute for this Court to modify a defendant's sentence, like Mr. Lynn's sentence imposed in this case. Title 18 U.S.C. § 3582(c)(2), provides that:

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of Bureau of Prisons, or its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*18 U.S.C. § 3582(c)*; see also, *United States v. Vasquez*, 53 F.3d 1216, 1227 (11th Cir. 1995) ("Both the federal statute and the Sentencing Guidelines provide that a court has the discretion to decide whether to retroactively apply an amended Guideline to reduce the length of incarceration."); *United States v. Rodriguez*, 19 F.3d 1340, 1341 (11th Cir. 1994) (§3582(c)(2) reduction appropriate "if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.").

To the extent a district court exercises its discretion and otherwise finds it appropriate to reduce a defendant's sentence under §3582(c)(2), "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). While "a Resentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a *de novo* resentencing[,]" *United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005), a district court should consider a defendant's conduct as it relates to those factors set forth under §3553(a). See, *Title 18 U.S.C. §3582(c)(2)*, generally.

4

This Court has the discretion to impose a low end sentence when asked to reduce the original sentence pursuant to §3582(c)(2) – in a proceeding that occurs solely because the Sentencing Commission lowered the applicable sentencing range – the district court should have discretion to impose a low end or even non-Guideline sentence. See, *e.g*., *United States v. Hicks*, 472 F.3d 1167, 1171 (9th Cir. 2007); *Kimbrough v. United States*, 552 U.S. 85 (2007) (Appellate courts must now give considerable deference to district court's non-Guideline sentence). As indicated above and demonstrated below, Mr. Lynn requests this Court to impose a Guideline sentence of 360-months imprisonment.

Having said that, and to the extent this Court agrees to impose a Guideline sentence at the low end, it is axiomatic that an evaluation of the factors set forth in §3553(a) are made with respect to the instant case. See, *United States v. Gilman*, 478 F.3d 440, 444 (1st Cir. 2007) (citing, *United States v. Jimenez-Beltre*, 440 F.3d 514, 518-19 (1st Cir. 2006) (en banc) and *United States v. Thurston*, 456 F.3d 211, 215 (1st Cir. 2006)).

**B.      REASONS FOR GRANTING THE §3582(c)(2) MOTION FOR REDUCTION OF SENTENCE AND IMPOSING A LOW END GUIDELINE SENTENCE OF 360-MONTHS IMPRISONMENT.**

Mr. Lynn respectfully submits this Court should reduce his sentence pursuant to the retroactive amendment to §2D1.1(c) of the federal Sentencing Guideline. He also contends this Court should impose a low end Guideline sentence of 360-months imprisonment, given the factors set forth under §3553(a) and the policy statements and intent of the Sentencing Commission and Congress in eliminating the excessive punishment for cocaine drug offenses.

"First, §3553(a), the statute that this Court is required to apply, does not distinguish between weight to be given to any of the factors listed." *Simon v. United States*, 361 F.Supp. 2d 35, 40 (E.D.N.Y. 2005). Under §3553(a)(1), this Court may find relevant the age, educational

and vocational skills, mental and emotional conditions, physical condition, employment record and family ties and responsibilities of the defendant in reducing his sentence under §3582 (c)(2). *Simon*, 361 F.Supp. 2d at 40. Under §3553(a)(1), this Court may find relevant the age, educational and vocational skills, mental and emotional conditions, physical condition, employment record and family ties and responsibilities of the defendant in reducing his sentence under §3582(c)(2). *Simon*, 361 F.Supp. 2d at 40. "§3553(a)(2)(C) requires a court to consider the need to protect the public from future crimes of the defendant. *Id*. This Court may "consider that recidivism drastically declines with the defendant's age." Id. (citing, *United States v. Nellum*, 2005 WL 300073, at *3 (N.D. Ill. Feb. 3, 2005)).

"Section 3553(a)(2)(A) instructs the Court to craft a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment." *Simon*, at 43. The district court in *Simon*, faced with a §3582(c)(2) motion (subsequently converted *sua sponte* into a §2241 petition), noted:

> A number of factors determine whether a particular sentence is "just." A punishment is "just" insofar as it "fits the crime." *Wilson*, 350 F.Supp. 2d at 916, "reflects the gravity of the defendant's conduct." *Id*. (quoting, S. Rep. 98-225, 1984 U.S.C.C.A.N. 3182, 3258-59). It also "requires the court to consider society's views as to appropriate penalties, not just a judge's own personal instincts." A "just punishment" must also take into account the cost of the defendant's criminal conduct and the cost society must undertake to punish for the offense. United States v. Zakhor, 58 F.3d 464, 466 (9th Cir. 1995).

*Simon*, 361 F. Supp. 2d at 43. In determining the appropriate sentence for crack cocaine, the district also noted:

> Post-Booker, none of these sentences are strictly mandatory. See, *Smith*, 359 F.Supp. 2d 771 (granting a non guideline sentence in part due to the unfairness of the 100:1 ratio); *Biheiri*, 356 F.Supp. 2d at 594 n.7 (noting that a judge could "conceivably" grant a non-Guideline sentence because of the severity of the crack

6

Guidelines); *Nellum*, 2005 WL 300073, at *4 (considering granting a non-Guideline sentence due to Commission's recommendations but granting a non-Guideline sentence on other grounds). It is, however, not for this Court to adopt a specific ratio, but instead to craft a sentence that is reasonable and best satisfies the requirements of §3553(a). In doing so, I rely in part on the research of the Commission and other sources, whose expertise in these matters is entitled to some deference.

With this legal background and exegetic interpretation of the interplay of §3582(c)(2) with post-Booker cases, Mr. Lynn now makes his case for a sentence reduction which would yield a low end Guideline sentence of 360-months imprisonment – a reduction consistent with Amendment 782.

### 1. Mr. Lynn's Offense Characteristics -- §3553(a)(1).

In 1989, Mr. Lynn, Robert Eyster ("Eyster"), and Jack Marshall ("Marshal") were named in a multi-count indictment, charging them with violating the federal drug and conspiracy statutes. The government claimed Lynn and his codefendants were transporting cocaine by plane into Alabama from 1982 to 1989. The government alleged Lynn was the leader of the drug conspiracy, overseeing persons who distributed the cocaine. The government further claimed Eyster acted as a radio operator who listened to communications between and among law enforcement agents.  As for Marshal, the government claimed he was an armed enforcer who unloaded cocaine from the planes and moved it to other places for further distribution.

This Court determined Lynn's base offense level was 36. This Court applied the following enhancements: (1) two levels for possession of a firearm during commission of the drug offense; four levels for his role as a leader in the drug conspiracy; and (3) two levels for obstruction of justice. These enhancements pushed Lynn's total offense level to 44.

Mr. Lynn had prior drug conspiracy conviction. However, since he committed the offense within two years of completing his sentence in the first drug conspiracy conviction, this Court

determined that Lynn's criminal history category ("CHC") was CHC III. Although Lynn's total offense level was 44, Lynn was sentenced based on offense level 43 because that was the highest listed level for his drug offenses. Lynn's offense level of 43 and criminal history category III resulted in life sentences for each crime.

### 2. Mr. Lynn's Characteristics -- §3553(a)(1).

Mr. Lynn was born in Bellaire Michigan. At the age of four, he moved with his parents to the Florida Keys. He graduated Coral Shores High School in 1972. He married in 1973. He was later divorced. In 1981, Mr. Lynn was convicted of conspiracy to distribute cocaine in South Florida and sentenced to 30-months imprisonment. In 1986, Mr. Lynn remarried which produced his only son, Jason the same year. Mr. Lynn maintained employment in the construction housing market throughout the Florida Keys.

In 1989, Mr. Lynn was arrested on the instant case. In 1991, Mr. Lynn escaped from FCI-Talladega. Five months later, he was arrested in Mississippi and re-incarcerated.

For the past 23 years while imprisoned in the federal penitentiary, Mr. Lynn has maintained clear conduct, no incident reports and participated in meaningful educational and institutional programming courses within the prison setting.

Mr. Lynn's son, Jason is married and has children of his own. Jason has maintained constant communication with his father, Mr. Lynn. Further, Mr. Lynn has watched his son Jason grow up over his childhood years through photos from the prison setting. Presently, Mr. Lynn must do the same with his grandchildren.

### 3. Mr. Lynn's Educational and Programming During Period of Imprisonment.

Mr. Lynn has been enrolled in the educational and prison programming since 1994. *See*, *Exhibit 1* (*Federal Bureau of Prisons' Inmate Education Data Sheet.*). The programming and

educational classes have been beneficial to Mr. Lynn with respect to his rehabilitation efforts of not re-offending upon his release. Mr. Lynn has attached to the instant motion each of the certificates of completion of the education and programming courses for the Court's review. *See Exhibit 2 hereto*.

### 4. Mr. Lynn's Punishment -- §3553(a)(2).

With respect to the requirement that this Court consider the need to protect the public from future crimes of this particular defendant, Mr. Lynn has spent the time in prison engaging in programming and behavior modifications in preparation for the day he leaves prison and renters the South Florida community. Given Mr. Lynn's age (61 years old) and good conduct while confined in federal prison, Mr. Lynn requests this Court impose a low end Guideline sentence of 360-months imprisonment – a reduction consistent with Amendment 782.

The *Simon* court took judicial notice that recidivism rate for defendants between the age of 40 and 50 with a criminal history category of III is less than half that of defendants under the age of 21. *Id.* (citing, *Nellum*, 2005 WL 300073). Further, a 360-month sentence would be appropriate given the Federal Bureau of Prisons, with its limited funding, simply warehouses prisoners today. The ability to obtain meaningful education, rehabilitation or new trade simply is not available to indigent prisoners, like Mr. Lynn. "As one post-Booker sentencing court has noted, rehabilitation 'cannot be served if a defendant can look forward to nothing beyond imprisonment.'" Id., (quoting, *United States v. Carvajal*, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) (imposing non-Guideline sentence to defendant convicted of conspiring to distribute crack)). "It is doubtful whether a sentence of [360] months provide such hope." Id.

The Sentencing Commission and Congress, through public support, have now agreed, as shown through the retroactive amendment 782, that those sentenced under the prior drug

sentencing guidelines created unjust sentencing disparities and deterrence greater than that necessary to protect the public. For all the reasons stated above, Mr. Lynn respectfully submits this Court should grant the relief requested by reducing his sentence pursuant to §3582(c)(2) with a low end Guideline sentence of 360-month imprisonment.

## III.      CONCLUSION

WHEREFORE, the Defendant, RICHARD JOSEPH LYNN, requests this Court to grant the instant motion to reduce his sentence to a low end Guideline sentence of 360-months imprisonment based on the foregoing facts and law; and enter an order granting same and other relief this Court deems proper and just under the circumstances.

Miami, Florida.                                                  Respectfully submitted,


                                        *//ss// William M. Norris*
                                        WILLIAM M. NORRIS
                                        William M. Norris, P.A.
                                        Florida Bar No.: 309990
                                        8870 SW 62nd Terrace
                                        Miami, Florida 33173-1616
                                        Telephone: (305)279-9311
                                        Facsimile: (305)279-9026
                                        wnorrislaw@aol.com
                                        *Attorney for Defendant.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was filed using the CM/ECF system this 5th day of April 2016, and a copy was served on all counsel of record by that means.

                                        *//ss// William M. Norris*
                                        WILLIAM M. NORRIS