**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 89-0072-WS |
| ) | |
| RICHARD JOSEPH LYNN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. (Doc. 40). The Court denied the motion. (Doc. 42). The defendant has now filed a motion to alter or amend. (Doc. 43).[1]

The defendant was convicted on seven drug charges. Count Three charged the defendant with conspiracy to import 13,200 kilograms of cocaine (plus over 1,000 kilograms of marijuana). Count Four charged the defendant with conspiracy to possess with intent to distribute these same drugs. Count Nine charged the defendant with importing 600 kilograms of cocaine on or about September 25, 1987. Counts Ten and Eleven charged the defendant with importing, and with possessing with intent to distribute, 600 kilograms of cocaine on or about June 22, 1988. Counts Twelve and Thirteen charged the defendant with importing, and with possessing with intent to distribute, 600 kilograms of cocaine on or about December 10, 1988. (Doc. 41 at 5). In denying the defendant relief, the Court stated that the sentencing judge adopted the PSR's calculation of a base offense level of 36, based on the defendant being held responsible for 13,200 kilograms of cocaine. Because, even after Amendment 782, the base offense level for 150 kilograms or more of cocaine is 36 (or 38 if at least 450 kilograms), the Court ruled that the defendant's base offense level has not been lowered by Amendment 782, rendering him ineligible for relief under Section 3582(c)(2). (Doc. 42).

---

[1] The defendant brings his motion pursuant to Federal Rule of Civil Procedure 59(e). He does not explain how a rule of civil procedure could apply to these criminal proceeding but, because he is not entitled to relief in any event, the Court need not consider whether he has properly invoked the rule.

The defendant now asserts that he objected to the PSR's attribution to him of 13,200 kilograms of cocaine and that the sentencing judge thereafter neither adopted the PSR's figure of 13,200 kilograms nor made any other specific finding as to drug quantity. (Doc. 43 at 3, 7-8). This statement, however, glosses over what actually transpired. Before sentencing, the defendant objected to the 13,200-kilogram figure because he "was only convicted of the substantive counts, Counts 9, 10, 11, 12 and 13, which involved the importation and distribution of only 1,800 kilos of cocaine." (Record on Appeal, Vol. 3, Doc. 95 at 1). At sentencing, the defendant through counsel repeated this assertion and "suggest[ed] to the court that the court should consider only the eighteen hundred kilos that the jury specifically convicted Mr. Lynn of." (Record on Appeal, Vol. 19 at 40). Counsel then urged that "the court certainly to be on the safe side should make a finding that Mr. Lynn is responsible for eighteen hundred kilos of cocaine as the jury found." (*Id*. at 43).

The sentencing judge "adopt[ed] the factual statements contained in the PSI as to which there is no objection …" (Doc. 41 at 21). The PSR stated that each importation involved approximately 600 kilograms of cocaine, (*id*. at 6), and the defendant did not object to that statement as it pertains to the three episodes of importation of which he was convicted; on the contrary, the defendant conceded his responsibility for those 1,800 kilograms. Thus, when the sentencing judge stated, "I don't find it necessary as a matter of law to make any findings of fact to resolve that conflict for the purpose of sentencing and accordingly do not do so," (Record on Appeal, Vol. 19 at 45), the only finding he declined to make was whether the proper figure was 1,800 kilograms (as the defendant proposed) or 13,200 kilograms (as the PSR reflected).[2]

---

[2] In making its initial ruling, the Court had access only to the PSR, the judgment, and the statement of reasons. (Doc. 41). In the statement of reasons, the sentencing judge adopted all factual statements as to which there was no objection and, "as to controverted factual statements, resolve[d] the dispute(s) as follows." (*Id*. at 21). The sentencing judge then resolved seven factual disputes, none concerning drug quantity. (*Id*. at 21-22). Reviewing this material, the Court reached the natural conclusion that there had been no objection as to drug quantity. Since the defendant's initial motion did not address eligibility for Section 3582(c)(2) relief in any fashion but focused exclusively on discretion, (Doc. 40), he did not assert there was any controversy over drug quantity. After receiving the instant motion, which raises for the first time a question as to drug quantity, the Court retrieved the paper file from distant storage and located the documents from which the quotations in text are extracted.

Because the sentencing judge found the defendant responsible for at least the 1,800 kilograms of cocaine conceded by the defendant, and because the base offense level for such a quantity following Amendment 782 is higher than the base offense level used in sentencing the defendant, he is ineligible for relief under Section 3582(c)(2). Accordingly, the motion to alter or amend is **denied**.

DONE and ORDERED this 19th day of August, 2016.

s/WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE