# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 89-0072-WS |
| | ) | |
| RICHARD JOSEPH LYNN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the defendant's "petition" for relief from judgment under the All Writs Act, (Doc. 47), which the Court construes as a motion for such relief. The defendant asks the Court to reduce his 1989 life sentence to time served. (*Id*. at 8).

The defendant and two others (Eyster and Marshall) were convicted of multiple drug crimes, and the defendant was sentenced to seven concurrent life sentences. He appealed his conviction and sentence to the Eleventh Circuit but, while the appeal was pending, he escaped from federal custody. The government successfully moved to dismiss the defendant's appeal under the fugitive disentitlement doctrine. *Lynn v. United States*, 365 F.3d 1225, 1227-28 (11th Cir. 2004). Meanwhile, Eyster and Marshall successfully pursued their direct appeals, with the Eleventh Circuit reversing their convictions based on improper vouching for the credibility of a key government witness. Their claim for similar relief based on violations of the witness sequestration order was rejected. *United States v. Eyster*, 948 F.2d 1196, 1207-08, 1210-11 (11th Cir. 1991).

The defendant later filed a motion to vacate under 28 U.S.C. § 2255, asserting both improper vouching and witness sequestration violations as constitutional error. Judge Butler denied relief. On appeal, the Eleventh Circuit held that the defendant's claims "are fundamentally trial errors that were available on direct appeal and are not cognizable in a § 2255 proceeding." *Lynn*, 365 F.3d at 1234.[1] The Court then ruled that, even were the defendant's

---

[1] As to the witness sequestration issue, the panel noted that the *Eyster* Court found no constitutional violation. As to the improper vouching issue, the panel noted that constitutional error rested on the prejudice to Eyster and Marshall due to the limited evidence against them, whereas the defendant was charged and convicted as the leader of a massive criminal enterprise

claims cognizable under Section 2255, they were procedurally defaulted due to his failure (thanks to his escape and the consequent dismissal of his appeal) to present them to the Eleventh Circuit on direct appeal, combined with his failure to establish either cause and prejudice or actual innocence excusing his default. *Id*. at 1234-37. The sole exception was a claim that the witnesses not only violated the sequestration order but were fed information by government agents. As to this claim, the panel assumed for argument that cause existed, did not address prejudice, and concluded that the claim failed on its merits because the affidavits on which it depended contained nothing more than conclusory allegations. *Id*. at 1237-39.

As the defendant recognizes, (Doc. 47 at 1), the All Writs Act provides for "extraordinary" relief, and "an extraordinary remedy … should not be granted in the ordinary case." *United States v. Denedo*, 556 U.S. 904, 913, 917 (2009) (internal quotes omitted). The defendant says his case is extraordinary in that he languishes in prison almost three decades after his co-defendants had their convictions reversed based on grounds equally applicable to him but which he was foreclosed from raising due to his escape. (Doc. 47 at 2). That precise combination of circumstances may render the defendant's case unusual, but it does not render it extraordinary in any legally meaningful sense; any other defendant that failed to appeal, or that had his appeal dismissed due to escape or for any other reason unrelated to the merits of his appeal, would be in the same situation as the defendant.

The defendant's motion suffers from a second fatal flaw. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985). Thus, "an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available." *Denedo*, 556 U.S. at 911. The defendant argues he should obtain relief because the same errors resulting in the reversal of the convictions of Eyster and Marshall infected his conviction as well. As the *Lynn* Court ruled, any such claims "were available on direct appeal." 365 F.3d at 1234. And, to the extent the defendant's claims were not then available, they were available on motion to vacate – which the defendant has already pursued. *See, e.g, United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (the All Writs Act cannot be used to challenge the constitutionality of a conviction, since such a challenge may be brought via

---

and did not assert that the evidence against him was as limited as that against his co-defendants. 365 F.3d at 1233.

motion to vacate); *United States v. Guerra*, 426 Fed. Appx. 694, 698 (11th Cir. 2011) (the All Writs Act cannot be used as substitute for a statutory right of appeal).[2]

For the reasons set forth above, the defendant's motion for relief under the All Writs Act is **denied**.

DONE and ORDERED this 3rd day of May, 2018.

                                                      s/WILLIAM H. STEELE
                                                    UNITED STATES DISTRICT JUDGE

---

[2] As an apparent alternative to receiving a reduced sentence of time served, the defendant asks to be permitted to make a showing of actual innocence so as to excuse the procedural default found by the Eleventh Circuit. (Doc. 47 at 5). That is, the defendant seeks a second bite (some twenty years later) at the motion-to-vacate apple. The limitations on motions to vacate, including the limitations on second and successive motions to vacate, are established by statute. 28 U.S.C. § 2255. The defendant cannot evade those restrictions by invoking the All Writs Act. *See, e.g., Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1229 (11th Cir. 2005) ("[T]he All Writs Act cannot be used to evade the requirements for preliminary injunctions.").