IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   CRIMINAL NO. 89-CR-00072-WS |
| v. | * |
| | * |
| RICHARD JOSEPH LYNN | * |

## MOTION TO STAY

COMES NOW the United States of America, by and through Richard W. Moore, the United States Attorney for the Southern District of Alabama, and files this motion to stay defendant Richard Lynn's motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).

On March 11, 2019, defendant Richard Lynn filed a motion under the First Step Act of 2018 ("FSA–2018") requesting that this Court grant his motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A).  [Doc. No. 49]  The United States has been ordered to respond by April 5, 2019.  [Doc. No. 50]  After consulting with the general counsel's office for the Bureau of Prisons ("BOP"), the United States is requesting this Court stay Lynn's motion for 90 days or until the BOP has concluded its internal administrative review of this request, whichever comes first.  This stay will permit a thorough review of the matter by the BOP, which has developed significant expertise in this area.  Regardless of the BOP's ultimate recommendation, its analysis will greatly aid this Court's consideration of the matter.  Moreover, although the FSA–2018 now allows for a prisoner to petition the Court for compassionate release directly *if* he has exhausted his administrative remedies, the BOP's review and analysis remains a critical factor that all parties should have the opportunity to examine.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce the term of imprisonment upon finding "extraordinary and compelling reasons," consistent with the applicable policy statements of the Sentencing Commission.  The pertinent policy statement, U.S.S.G. § 1B1.13, defines

1

specific medical, age, and family circumstances as possibly justifying a sentence reduction under this statute, and further authorizes a sentence reduction based on an extraordinary and compelling circumstance identified by the BOP.

The statute, adopted as part of the Sentencing Reform Act of 1984, originally permitted judicial relief only upon a motion by the Director of the BOP. However, this provision was amended by Section 603(b) of the First Step Act of 2018 ("FSA–2018"), which took effect on December 21, 2018. Under the statute as amended, this Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant *after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf* . . . ." 18 U.S.C. § 3582(c)(1)(A) (added emphasis).

In this matter, it is unclear whether Lynn has exhausted his administrative remedies prior to the filing of this motion for compassionate release. The general counsel's office for the BOP has been made aware of this motion, and is reviewing their material to see if an administrative request has been filed. If it has not, then Lynn is ineligible to file this motion at this time. However, if he has filed an administrative request, it will be thoroughly reviewed by the BOP.

The review of an inmate's administrative request for compassionate release is extensive and requires additional time for completion. In conducting this review, the BOP evaluates numerous factors and solicits input from relevant offices before making a final determination. Prior to approving a request for a reduced sentence, pursuant to relevant policies and regulations, the BOP conducts a thorough evaluation of the circumstances underlying the request, including gathering and assessing all pertinent institutional, medical, and other personal records. This review is conducted by the warden of the institution where the inmate is confined, the BOP General Counsel, the BOP Medical Director, and/or the Assistant Director of the Correctional Programs Division, depending on the nature of the requests, and ultimately, the request is reviewed by the Director of the BOP. *See* 28 C.F.R. § 571.62(a)(2); BOP Program Statement 5050.50. The

General Counsel of the BOP also solicits the opinion of the United States Attorney in the district where the inmate was sentenced. *See* 28 C.F.R. § 571.62(a)(2). Finally, where an inmate's term of imprisonment is to be followed by a period of supervised release, the agency contacts the United States Probation Office for the district to which the inmate would be released to ensure the proposed release plan required by 28 C.F.R. § 571.62(a)(2) is appropriate and the location to which the inmate would be released comports with the terms of the inmate's supervised release.

These reviews are conducted to ensure that a request by an inmate does, indeed, reflect extraordinary and compelling circumstances, that the inmate's early release would not unduly minimize the severity of the inmate's offense, and that the inmate's early release would not unduly jeopardize public safety. These are all factors that this Court must take into account under U.S.S.G. § 1B1.12 and the BOP program statement.

A warden's consideration of a request ordinarily takes an average of 60 days. In cases where the request is denied by the warden, the inmate is allowed to appeal that denial through the BOP's administrative remedy process. *See* 28 C.F.R. § 571.63(a). Such administrative appellate review ordinarily takes 40 to 60 additional days to complete.

As stated above, it is unclear at this time whether Lynn has sought the proper administrative review prior to filing this motion. If he has, the BOP needs time to thoroughly conduct its administrative review. If he has not, then Lynn's motion should be denied as premature.

Assuming, *arguendo*, that Lynn has filed a request for compassionate release with the BOP, this Court will benefit from the BOP's expert and thorough review of such request. As the agency that sees and evaluates all requests for compassionate release, the BOP has the greatest expertise in this area, and is in in the best position to gather all of the materials needed for a thorough evaluation of this request. Should the BOP decide to support a request for compassionate release, this decision could greatly streamline the matter before this Court. Alternatively, if the BOP

decides after this thorough examination that compassionate release is *not* warranted in this case, its analysis would similarly be beneficial to both the Court and the parties.

For these reasons, the United States respectfully requests that this Court stay consideration of Lynn's motion under 18 U.S.C. § 3582(c)(1)(A) for a period of 90 days after the filing of his motion, or until completion of the BOP's administrative review, whichever comes first.

Respectfully submitted this 2nd day of April, 2019.

> RICHARD W. MOORE
> UNITED STATES ATTORNEY
>
> By: */s/Christopher J. Bodnar*
> Christopher J. Bodnar
> Assistant United States Attorney
> 63 South Royal Street, Suite 600
> Mobile, Alabama 36602
> (251) 441–5845